MARSHALL G. COLE, Lib't, *vs.* LILLIAN COLE.

Kennebec.    Opinion May 22, 1915.

*Attachment.  Demurrer.  Divorce.  Jurisdiction.  Libel.  Motion for Continuance. Plea of Libel for Divorce.  "Power."  Service.*

Exceptions to the rulings of the Judge of the Superior Court for Kennebec County on questions of law.

1.  The first exception is to the refusal of the presiding Judge to grant a motion for a continuance of the case.    Rule 3 of the Superior Court provides that libels for divorce will not be in order for trial at the return term, but contested libels may be heard by agreement.    The presiding Judge found, as matter of fact, that there was such an agreement and ordered the case to proceed to trial.

*Held:*  No exceptions lie to this finding.

2.  The libel in this case was inserted in a writ of attachment with power of attachment and an order to attach property of the value of $100, while the officer's return disclosed that he made a nominal attachment of "a chip." The libellee claimed that on the face of the paper no legal service was made upon the defendant and that the Court had no jurisdiction.

*Held:*  That the Statute cannot be given so narrow a construction.    The language does not require it.

3.  Libellants may file in the clerk's office a libel signed by him, or insert it in a writ of attachment with power to attach real and personal property to respond to the decrees of the Court.

*Held:*  This clause "with power to attach" was not intended to limit, but enlarge the force of the word "attachment" and as used here means the right, not the duty.

4. In a libel for divorce, the phrase "in a plea of" is not a necessary part of the pleading, and if it was it should be taken advantage of by plea in abatement.

5. In a libel, an erroneous date of marriage is amendable, at the discretion of the Court.

On exceptions by defendant.　Exceptions overruled.

This libel for divorce was inserted in a writ of attachment dated May 28, 1914, returnable at the September term, 1914, of the Superior Court for Kennebec County.　At said September term, the libellee appeared and filed a motion to dismiss, a motion for continuance, and a demurrer, all of which were overruled by the court, and the libellee excepted to the several rulings by the court.　The jury returned a verdict for libellant.　The exceptions are considered in the opinion.

The case is stated in the opinion.

*Andrews & Nelson,* for libellant.

*Connellan & Connellan,* for libellee.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SPEAR, J.　This case involves the trial of a libel for divorce and comes up on exceptions to the rulings of the Judge of the Superior Court, of Kennebec County, on questions of law.

The first exception is based upon the refusal of the presiding Judge to grant a motion for continuance.　The defendant moved for a continuance under Rule 3 of the Superior Court that "libels for divorce will not be in order for trial at the return term, but contested libels may be heard by agreement."　A controversy arose as to whether there was an agreement for the trial of this case which was to be contested.　The presiding Judge found as a matter of fact that there was such an agreement and ordered the case to proceed to trial.　No exceptions lie to this finding.

The second exception is based upon the contention that it appeared upon the face of the papers that no legal service of the libel was made upon the defendant, and that consequently the court had no jurisdiction.　This contention is founded upon the fact that the libel was inserted in a writ of attachment with an order to attach property of the value of $100, while the officer's return shows that he made a nominal attachment of "a chip."　In other respects no complaint

is made of the service. We do not think the statute can be given the narrow construction for which the defendant contends. The language does not require it. It says the libellant may "file in the clerk's office a libel, signed by him, or insert it in a writ of attachment with power to attach real and personal property, to respond to the decrees of the court as in other suits." The clause "with power to attach," etc., was not intended to limit but enlarge the force of the word "attachment." The word "power" is significant. As used here it means the right, not the duty. Had the legislature intended the latter they would have made their meaning plain by the use of apt language to express it. It is accordingly evident that they used the word to confer authority, capacity or right. That is, the libellant may insert his libel in a writ of attachment, make a nominal attachment, and proceed to have it served; or he has the power, the right, to go further, and make an attachment of real or personal property, and then proceed to have it served; the service, under the statute being precisely the same whatever the form of attachment. The service gives jurisdiction, even though the attachment may be faulty.

The third exception is founded upon the contention that the writ declares "in a libel for divorce" instead of a plea of "libel for divorce," and that the phrase "in a plea of" is necessary in a writ of attachment. There are two reasons why this exception should be over-ruled. First, if the phrase was a necessary part of the pleading it should be taken advantage of by plea in abatement. Second, it is not a necessary part of the pleading. The statute says the libellant may insert his libel in a writ of attachment. And it will be observed that the word "libel" is used but once, to designate the form of pleading to begin a divorce proceeding, and is precisely the same form whether filed in the clerk's office or inserted in a writ. It will not be claimed that the libel filed in the clerk's office must be "in a plea of;" yet the statute says this same libel "may be filed in the clerk's office, or inserted in a writ of attachment." The statute requires no change of form. Accordingly if it can be filed in the clerk's office without "a plea of" it can be inserted in a writ without "a plea of." It is also analogous to inserting a bill in equity in a writ of attachment where "a plea of" is not required.

The fourth exception is that the allegation in the libel sets out an impossible date of marriage, it being averred that three children

were born prior to the date of the writ.    But this anachronism was clearly a clerical error, and amendable at the discretion of the court. Upon motion an amendment was properly allowed to which no exceptions lie.    *Clark, Appl.,* 111 Maine, 399.

The fifth exception raises the question of pleading whether, under the last clause of section two, it is necessary to allege the absence of collusion.    But this is a matter of proof and not of pleading.

The sixth exception avers that the "writ fails to set forth the necessary allegation that there was a lawful marriage."    The complaint of this allegation is that the word "lawful" is omitted.    The allegation in the libel is "that he was married to said libelee at Waterville," etc.    This question was raised by demurrer in *Huston* v. *Huston*, 63 Maine, 184, and summarily disposed of in an opinion of two paragraphs, holding:    "Where the allegations in a libel for divorce are sufficient to give  the court jurisdiction of the case, and to grant a divorce under its discretionary powers, the libelee cannot avail himself of merely circumstantial omissions to defeat the libel by demurrer."

"If, in such case, the libellee desires greater particularity of statement he should move the court at nisi prius to order the libellant to furnish it."

After these proceedings the defendant filed a general demurrer, which was joined and overruled by the presiding Judge.    All the questions which are raised by the demurrer having been disposed of in the foregoing exceptions, the ruling must be sustained.

*Exceptions overruled.*